ORIGINAL
PLF
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ESTELLE WILSON

        Plaintiff,

  -against-

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-04-2426(FB)

*Appearances:*
*For the Plaintiff:*
CHARLES E. BINDER, ESQ.
215 Park Avenue South, 6th Floor
New York, New York 10003

*For the Defendant:*
ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
By: Orelia Merchant
Assistant United States Attorney
One Pierrepont Plaza
Brooklyn, New York 11201

**BLOCK, District Judge:**

      Plaintiff Estelle Wilson ("Wilson") seeks review of the Commissioner of Social Security's ("Commissioner") decision denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The decision of the Commissioner became final following a hearing before an administrative law judge ("ALJ") at which Wilson appeared *pro se*. For the reasons stated in open court today, plaintiff's case is remanded to the Commissioner for further proceedings consistent with this order. The following encapsulates the Court's oral decision:

Evidence presented during the agency hearing showed that Wilson suffered from eczema, arthritis, and hypertension. The ALJ determined that Wilson's arthritis and hypertension were not sufficiently severe to be disabling, but agreed that her eczema was a severe impairment that would prevent her from performing her past work. The ALJ nonetheless determined that Wilson had the residual functional capacity ("RFC") to perform medium work, and that the relevant guidelines therefore directed a finding of "not disabled." Remand is warranted for the following reasons.

Although Wilson argues that the ALJ erred in finding that her testimony regarding the extent of her disability was not credible, this argument is without merit. There is ample evidence in the record to support the ALJ's credibility determination. The ALJ erred, however, in failing to adequately consider the effects of Wilson's nonexertional limitations before finding that Wilson was not disabled. Under *Bapp v. Bowen*, 802 F.2d 601, 604-05 (2d Cir. 1986), the Commissioner must consider the extent to which any nonexertional impairments would diminish the claimant's ability to perform the level of work in question, and make a separate determination whether the testimony of a vocational expert is required in order for the Commissioner to carry its burden.

The ALJ's conclusory statement that "claimant's capacity for medium work has not been significantly compromised by her impairments" is insufficient to meet the Commissioner's burden of demonstrating that plaintiff retained the RFC to perform other gainful work in the economy. *See Cangelosi v. Chater*, 1996 WL 66361 at *6 (E.D.N.Y. 1996) (the ALJ's "failure to refer to any evidence in the record to support his finding or to undertake a separate independent analysis to determine the effect, if any, of [claimant's] nonexertional limitations was legal error."). The evidence shows that Wilson suffered from

a number of nonexertional limitations, including not only the inability to wear gloves or wash her hands frequently, but also the requirement that she avoid all exposure to extreme cold and heat, moisture, fumes, odors, dusts, gases, and poor ventilation. In determining that Wilson was unable to perform her past work, the ALJ discussed Wilson's inability to wear gloves or wash her hands frequently; however, the record does not show that the ALJ considered the effect of any additional nonexertional limitations on Wilson's capacity for a full range of medium work. On remand the Commissioner is directed to separately consider the effect of each of Wilson's nonexertional limitations on her ability to perform medium work, and to determine whether these limitations so "significantly diminish[]" the range of medium work available to her that testimony from a vocational expert is required. *Bapp*, 802 F.2d at 606.

The ALJ also erred in failing to develop the record with respect to Wilson's arthritis. Where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). This duty is heightened where the claimant appears *pro se*. *Cruz v. Sullivan*, F.2d 8, 11 (2d Cir. 1990). *See also Peed v. Sullivan*, 778 F. Supp. 1241, 1246 (E.D.N.Y. 1991) (when a claimant appears *pro se*, the ALJ must "make every reasonable effort to obtain not merely the medical records of the treating physician but also a report that sets forth the opinion of [that physician] as to the existence, the nature, and the severity of the claimed disability."). The administrative record shows that Wilson suffers from arthritis. The ALJ failed to develop the medical evidence regarding this claimed disability by either following up with Wilson's treating physician to supplement her sparse medical history or obtain an opinion regarding the extent of any disability, or by inquiring during the hearing into the

3

effect of this condition on Wilson's functional abilities. On remand, the ALJ is directed to seek additional medical evidence from plaintiff's treating physician, including an opinion regarding the existence, nature and severity of any disability caused by her arthritis. The Court also notes that although the record contains the opinion of Wilson's dermatologist that Wilson's eczema was improving with treatment and that she was capable of doing work that did not require wearing gloves, this opinion appears somewhat inconsistent with other observations regarding the persistence of Wilson's symptoms. Upon remand, the ALJ should also consider whether, in light of these inconsistencies and given his duty to affirmatively develop the record, he should request a more detailed opinion from Wilson's treating dermatologist regarding the effect of Wilson's continuing symptoms on her functional capacity.

Finally, although certain impairments standing alone may not significantly limit a claimant's work capacity, they may, in combination with the individual's other impairments, narrow the range of work the individual is capable of performing. *See* S.S.R. 96-8P, 1996 WL 374184 at *5 (S.S.A. 1996). In assessing a claimant's RFC, therefore, the ALJ must consider the limitations and restrictions imposed by all of an individual's impairments, without regard to whether any such impairment, if considered separately, would be severe. *See* 20 C.F.R. § 404.1523; *see also* 1996 WL 374184 at *5. The ALJ's decision does not make clear whether he considered the combined effects of plaintiff's eczema and arthritis in assessing her work capacity. In addition to further proceedings consistent with this Order, the Commissioner is accordingly directed upon remand to collectively consider

the effect of all of plaintiff's claimed disabilities, as well as any new evidence presented by Wilson, in reaching a determination regarding her ability to perform substantial gainful work existing in the economy.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Dated: Brooklyn, New York
July 21, 2005